HÓLMES & CLAUSS *v.* C. T. DUNN, Administrator, et al.

In a proceeding to render the Sheriff liable for failing to return a writ of *fieri facias* before the return day, to which the sureties were made parties, the court properly allowed a trial by jury.
The insolvency of the defendant in execution, of itself, will not exonerate the Sheriff from liability under the statute.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.
  *W. F. Keenan*, for plaintiffs and appellants.  *Fuqua & Kilburne* and *Bowman & Delee*, for defendants.

  SPOFFORD, J.  The object of this proceeding is to render the former Sheriff of the parish of East Feliciana, liable for failing to return a writ of *fieri facias* on or before the return day.  The Sheriff having died, his administrator and sureties were made defendants, and the cause was tried after the ordinary delays.

  If the proceeding had been by rule or on motion merely, the Sheriff alone would have been notified, and the trial would have been summary and without a jury.

  But as a claim in damages for neglect of duty was coupled with the alleged liability under a special statute, and the sureties were made parties, who were entitled to the usual delays and forms of trial, we think there was no error in allowing a trial by jury.

  The case has been twice tried before a jury ; and on both occasions, a verdict was given for the defendants.

  The District Judge, by granting a new trial, indicated that he thought the law of the case was with the plaintiffs.  Upon the authority of *Gordon* v. *Carpenter*, 10 An. 128, to which this case is very similar, we think the judgment must be reversed.

  The Sheriff kept the writ several months, and died without making any return.  It was found in his office.  A deputy, indeed, says that he once made a demand of the defendants in execution, who pointed out only some old furniture, and that he notified the plaintiffs of his inability to make the money ; but the same witness says, that his principal, the Sheriff, then took the writ and promised to execute it.  There is evidence that the Sheriff complained that the party against whom the writ issued treated him badly.  At all events, there is no showing that he ever attempted to execute the writ as he undertook to do, or that any demand was ever made by himself or deputy upon the plaintiffs or their attorney, to point out property, and no return whatever was made.  The alleged insolvency of a defendant in execution, of itself, has never been held to exonerate a Sheriff under such circumstances.  *McGee* v. *Robbins*, 2 An. 411 ; *Bland & Adams* v. *Wilkinson*, 11 An. 273.

  It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed.  And it is now ordered, adjudged and decreed, that the plaintiffs recover of the defendants, *C. T. Dunn*, Administrator, &c., as principal, and of *Joseph M. Young, Robert H. Draughan* and *Thomas F. D. Armond, in solido*, as sureties, the sum of three hundred and twenty-eight dollars and thirty cents, with eight per cent. interest thereon, from the 17th

20

of September, 1854, until paid, and three dollars and fifty-five cents costs of court, amount of the writ of *fi. fa.* in the suit of *Holmes & Clauss* v. *Anthony Toadamè* and *Martha G. Toadamè*, his wife. It is further ordered, that the plaintiffs recover of the defendants, *in solido*, the costs of this suit in both courts.